UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| CEC CORROSION SERVICES, LLC, *et al*, | § § § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 2:15-CV-00042 |
| | § | |
| SETH ISAIAH ENGELKEN, *et al*, | § § | |
| Defendants. | § § | |

## ORDER REMANDING CASE

Plaintiff CEC Corrosion Services, LLC (CEC) brought this action, alleging tortious interference with contractual relationships, misappropriation of trade secrets, and breach of fiduciary duty in the 343rd Judicial District Court of San Patricio County, Texas on December 30, 2014.  D.E. 1-2.  While the articulated claims were all state law claims, included in the allegations was one non-specific reference to "violation of state and federal statutes," which was incorporated by reference into later paragraphs of the pleading.  *Id*. at 2-3.  Referencing this "federal statutes" allegation, Defendants Nexus Integrity Management, LLC (Nexus) and Seth Isaiah Engelken (Engelken) removed the action to this court on the basis of federal question subject matter jurisdiction.  D.E. 1.  28 U.S.C. § 1331.

Before the Court is CEC's Motion for Remand, filed on January 14, 2015, and seeking remand along with attorney's fees and costs.  D.E. 3.  CEC argues that no actual federal statute was pled and that it seeks no relief pursuant to any federal statute.  On February 3, 2015, Defendants Nexus and Engelken filed their responsive pleading, stating

1 / 3

their answer and affirmative defenses.  D.E. 6.  Thereafter, on February 4, 2015, CEC and

new Plaintiffs, Andrew VanBlarcum and James VanBlarcum, Jr. filed an amended

complaint as of course pursuant to Fed. R. Civ. P. 15(a)(1)(B).  D.E. 7.  The amended

complaint makes no reference to any federal law, generally or specifically.  D.E. 7.

A general reference to "federal statutes" without the articulation of a federal cause

of action is insufficient to support federal question jurisdiction.  *See generally, In re Hot-*

*Hed Inc*., 477 F.3d 320, 324 (5th Cir. 2007).

> In the present case, there is no doubt that Appellees have
> chosen to pursue only state law causes of action.  The only
> mention of federal law in any of Appellees' complaints was
> the above mentioned oblique reference to Appellants'
> violation of unspecified federal laws.  No federal cause of
> action has ever been asserted, and it is plain that removal
> jurisdiction under 28 U.S.C. § 1441 simply did not exist.

*Avitts v. Amoco Production Co*., 53 F.3d 690, 693 (5th Cir. 1995).

Even if it were sufficient to create federal question jurisdiction, and even though a

plaintiff is ordinarily prevented from manipulating jurisdiction by amending the

complaint,[1] this Court now has before it only state law claims subject to the Court's

supplemental jurisdiction.   28 U.S.C. §  1367(a).   Such claims are subject to a

discretionary remand.   "The district courts may decline to exercise supplemental

jurisdiction over a claim under subsection (a) [related state law claims] if-- . . . the district

court has dismissed all claims over which it has original jurisdiction . . . ."  28 U.S.C. §

1367(c)(3).  Discretionary remand in such situations is supported by the principle that

federal courts should strictly construe their removal jurisdiction.  Charles Alan Wright,

---

[1]  *Anderson v. Electronic Data Systems Corp*., 11 F.3d 1311, 1316 (5th Cir. 1994).

Arthur R. Miller, Edward H. Cooper, and Joan E. Steinman, 14B Federal Practice &

Procedure §§ 3721, 3722 (West 2009 & Supp. 2014).

For these reasons, the Court holds that Defendants have failed to demonstrate

federal question jurisdiction and, alternatively, that discretionary remand is appropriate

with respect to the remaining state law claims. The Court GRANTS the motion for

remand (D.E. 3) and REMANDS this action to the 343rd Judicial District Court of San

Patricio County, Texas, the court from which it was removed. The Court DENIES

Plaintiffs' request for attorney's fees and costs.

ORDERED this 5th day of February, 2015.

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE